I concur with that part of the majority opinion that holds that "a waiver of the right to seek postconviction relief . . . cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness." However, I dissent from that part of the majority opinion that holds that the appellant did not voluntarily enter his guilty plea because the trial court allegedly did not comply with the requirements set forth in Rule 14.4(d), Ala.R.Crim.P., Boykin, andTwyman. I appreciate the necessity of ensuring that a defendant understands his rights when he signs documents such as the ones the appellant signed in this case. However, in this case, even though it did not specifically ask the appellant whether he understood his rights, the trial court had a reasonable basis for concluding that the appellant understood his rights and that he voluntarily waived them. It asked the appellant if he could read and write and if he had signed each of the documents of his own free will, and the appellant responded that he had. Therefore, the trial court could have concluded, by implication, that the appellant had read the documents. Also, once he signed the documents, there was, as there is with any other contract, a presumption that the appellant understood the documents and that the documents were valid. Finally, the trial court personally addressed the appellant and had the opportunity to observe his demeanor and body language during the plea proceeding. Under these circumstances, the trial court could have reasonably concluded that the appellant understood what he was doing. Requiring that every guilty plea colloquy contain the "magic words" "do you understand" will undercut the effectiveness of a form that was intended to be a practical solution in the courtroom. Instead, the determination of whether a defendant understands his rights should be made on a case-by-case basis. Accordingly, I respectfully concur in part and dissent in part. *Page 937